UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-25400-CIV-MORENO

ISABEL GUTIERREZ,

        Plaintiff,

vs.

FLORIDA ADVERTISING AND
MARKETING CORP., d/b/a
BOOKHOTELSTAYS,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 14)**, filed on **February 21, 2019**.

THE COURT has considered the motion, the response pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendant shall file an answer by June 20, 2019.

Defendant moved to dismiss this Telephone Consumer Protection Act case stating that Plaintiff fails to state a claim for injunctive relief under the Act. The Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(3), creates a private right of action and allows a Court to order injunctive relief, monetary relief, and treble damages. Plaintiff is not seeking a preliminary injunction, which would require a showing of likelihood of success on the merits and irreparable harm. Defendant argues that Plaintiff's allegations do not suffice to establish either prong, and are inadequate to state a claim for treble damages.

In *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004), the Eleventh Circuit differentiated statutory and non-statutory injunctions. It specified that where a statute bans certain conduct or establishes certain rights, a court may grant an injunction to enforce the statute.

Where plaintiff sufficiently alleges a claim for a statutory violation, that is all that is required to request injunctive relief in a complaint. To request treble damages, the Plaintiff must allege a willful violation. Here, Defendant argues the Plaintiff does not sufficiently allege the traditional elements for injunctive relief or for an award of treble damages. Because the Plaintiff need not allege the traditional elements for injunctive relief, the Court denies the motion on that issue. As to treble damages, the Plaintiff's complaint alleges that Defendant called Plaintiff's number with a pre-recorded message asking if she was interested in a vacation promotion, Then, Defendant connected her with a live representative to sell Plaintiff insurance. Plaintiff states that Defendant did so without obtaining written consent and did the same to other class members residing in this judicial district. These allegations sufficiently state a claim for treble damages, but of course, the Court can revisit the issue at summary judgment to determine whether there is sufficient record evidence establishing a willful or knowing violation of the statute.

DONE AND ORDERED in Chambers at Miami, Florida, this ___12___ of June 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record